## ST. MARTIN *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the evidence shows that the husband has received and converted to his own use the paraphernal property of his wife, in case of his insolvency, her or her heirs will have a legal mortgage, superior to that of other creditors, on his estate, for its restitution.

The heirs of Peirre Auguste St. Martin, the insolvent, made opposition to the tableau of distribution filed by René Lemounier, syndic of the creditors of the insolvent, claiming to be placed on said tableau as privileged and mortgaged creditors, of superior rank, for three thousand and thirty-seven dollars, the alleged amount of paraphernal property inherited by their deceased mother, and received by her husband, the insolvent, during marriage. The heirs of Yves Lemounier, who were aleady placed on the tableau as mortgaged creditors for four thousand one hundred and fifty dollars, claiming a preference by special mortgage, contested the claims of the opponents, which, if allowed, would deprive them of so much of their demand.

The opponents exhibited evidence of their claim, which showed satisfactorily that this sum had been received, as alleged, and that the privilege, for the restitution of it as paraphernal effects had the highest rank. Judgment was rendered, ordering the tableau to be amended ; admitting

the children and heirs of the insolvent as privileged creditors of the first rank, for the sum of three thousand and thirty-seven dollars.   The syndic and Lemounier's heirs appealed.

*Macready*, for the appellants.

*C. M. Conrad*, contra.

*Morphy, J.*, delivered the opinion of the court.

The children of the insolvent opposed the homologation of the tableau of distribution, filed by the syndic ; they claimed to be privileged creditors for three thousand and thirty-seven dollars, being paraphernal property of their mother, Louisa Gustavie D'Arensbourg, which they alleged to have been received by their father from Zenon D'Arensbourg, her tutor, as accruing to her from the estates of her deceased parents. Their opposition being sustained below, an appeal was taken by the syndic, and by the heirs of Lemounier, as special mortgage creditors of the insolvent.

The appellants have contended, that the notarial act by which the sum claimed purports to have been paid by Zenon D'Arensbourg, is no evidence against third persons, and that if it is evidence, it establishes that the money has been received by the wife of the insolvent, and not by him.

This notarial receipt, which was executed in the parish of St. Charles, on the 26th of March, 1832, refers to accounts rendered in 1821, in the Probate Court of that parish, by one André Latour, a former tutor of the appellee's mother, from which it appears, that the said sum of three thousand and thirty-seven dollars was accruing to her from the estate of her deceased father ; but independent of this act, there is evidence fully establishing that this sum, which was receipted for by the wife of the insolvent, had been previously paid to the latter, in a note of Z. D'Arensbourg, to his order, and that said note was given to Messrs. Plique & Le Beau, in payment of two notes of the insolvent, secured by mortgage on the very land which he afterwards surrendered to his creditors.   The insolvent having thus converted to his own use the paraphernal property of his wife, her heirs have a

legal mortgage on his estate, to secure its restitution. *Louis-* iana *Code, article 2367.*

It is, therefore, ordered, that the judgment of the District Court be affirmed, with costs.